

U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building  (302) 573-6277
1007 N. Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

November 9, 2005

**VIA CM/ECF**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

RE:   **United States v. David Donaldon - 05-83-SLR**

Dear Chief Judge Robinson:

    In anticipation of the change of plea hearing in the above-captioned case, scheduled for November 22, 2005, at 9:30 a.m. before your Honor, enclosed please find the proposed Memorandum of Plea Agreement between the government and the defendant. Pursuant to this agreement, Mr. Donaldson will plead guilty to Counts One through Four of the Indictment in this case.

    Counts One and Three charge the defendant with Fraud In Connection with Access Devices, in violation of Title 18, United States Code, Section 1029(a)(5). Each of Counts One and Three carries a maximum sentence of fifteen years imprisonment, a $250,000 fine, up to three years of supervised release following any term of imprisonment, and a $100 special assessment. Counts Two and Four charge the defendant with Conspiracy to Commit Fraud in Connection with Access Devices, in violation of Title 18, United States Code, Section 1029(a)(5) and (b)(2). Each of Counts Two and Four carries a maximum sentence of seven and one-half years, a $250,000 fine, up to three years supervised release following any term of imprisonment, and a $100 special assessment.

    Please contact me should your Honor have any questions.

                            Respectfully submitted,

                            COLM F. CONNOLLY
                            United States Attorney

                        BY: /s/ Shannon Thee Hanson
                            Shannon Thee Hanson
                            Assistant United States Attorney

Enclosure

cc:  Anthony A. Figliola, Jr., Esq. (via CM/ECF)
     Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 05-83-SLR |
| ) | |
| DAVID DONALDSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, David Donaldson, by and through his attorney, Anthony A. Figliola, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One through Four of the Indictment in this case. Counts One and Three charge the defendant with Fraud In Connection with Access Devices, in violation of Title 18, United States Code, Section 1029(a)(5). Each of Counts One and Three carries a maximum sentence of fifteen years imprisonment, a $250,000 fine, up to three years of supervised release following any term of imprisonment, and a $100 special assessment. Counts Two and Four charge the defendant with Conspiracy to Commit Fraud in Connection with Access Devices, in violation of Title 18, United States Code, Section 1029(a)(5) and (b)(2). Each of Counts Two and Four carries a

maximum sentence of seven and one-half years, a $250,000 fine, up to three years supervised release following any term of imprisonment, and a $100 special assessment.

2. The defendant understands that if he were to proceed to trial, the Government would have to prove each of the following elements of the charged offenses of fraud in connection with access devices and conspiracy to commit such fraud during the periods alleged in Counts One through Four beyond a reasonable doubt:

As to Counts One and Three:

(1) Defendant David Donaldson effected transactions with one or more access devices issued to another person, by causing multiple credit card transactions using VISA card number xxxx xxxx xxxx 9064 and MasterCard number xxxx xxxx xxxx 6318, issued in the name of Charles Geiger, to be run through Preferred Rentals' merchant credit card account number xxxx xxxx xxxx 1483 (Count One) and Supreme Limousinek, Inc.'s merchant credit card account number xxxx xxxx xxxx 2873 (Count Three) with Nova Information Systems, Inc., knowing that no services for which such payments were due or for which such transactions were authorized had been performed;

(2) Defendant David Donaldson effected the above transactions knowingly, and with the intent to defraud; and

(3) Defendant David Donaldson effected the above transactions to receive payment and other things of value during the period November, 2002 through November, 2003 (Count One) and December, 2002 through December, 2003 (Count Three), which payment exceeded $1,000 in value.

As to Counts Two and Four:

(1) Defendant David Donaldson conspired with G.A. (Count Two) and R.B. (Count Four) to commit fraud in connection with access devices;

(2) Defendant David Donaldson entered these agreements knowingly, with the intent to commit fraud in connection with access devices; and

(3) Defendant David Donaldson or his co-conspirator engaged in conduct in furtherance of the offense of fraud in connection with access devices, to wit, causing multiple credit card transactions using VISA card number xxxx xxxx xxxx 9064 and MasterCard number xxxx xxxx xxxx 6318, issued in the name of Charles Geiger, to be run through Preferred Rentals' merchant credit card account number xxxx xxxx xxxx 1483 (Count Two) and Supreme

Limousinek, Inc.'s merchant credit card account number xxxx xxxx xxxx 2873 (Count Four) with Nova Information Systems, Inc.

3. The defendant admits that he caused the following fraudulent transactions to be run through Preferred Rentals' merchant credit card account number xxxx xxxx xxxx 1483 in Wilmington, Delaware and through Supreme Limousinek, Inc.'s merchant credit card account number xxxx xxxx xxxx 2873 in the following amounts on the following dates, knowing that these transactions were fraudulent:

| Credit Card Account Number in Name of Charles Geiger - Account Ending | Transaction Date | Merchant Name | Amount Charged |
|---|---|---|---|
| x6318 | 11/30/2002 | Preferred Rentals | $3,550.00 |
| x9064 | 12/02/2002 | Preferred Rentals | $4,250.00 |
| x9064 | 12/04/2002 | Preferred Rentals | $3,250.50 |
| x9064 | 12/09/2002 | Preferred Rentals | $4,210.00 |
| x9064 | 12/12/2002 | Preferred Rentals | $4,756.50 |
| x9064 | 12/26/2002 | Preferred Rentals | $4,431.05 |
| x6318 | 12/26/2002 | Preferred Rentals | $3,913.50 |
| x6318 | 12/30/2002 | Preferred Rentals | $4,218.00 |
| x9064 | 12/30/2002 | Preferred Rentals | $2,764.05 |
| x6318 | 04/14/2003 | Preferred Rentals | $6,702.98 |
| x9064 | 04/14/2002 | Preferred Rentals | $5,689.02 |
| x9064 | 04/23/2003 | Preferred Rentals | $5,839.02 |
| x6318 | 04/23/2002 | Preferred Rentals | $6,108.69 |
| x6318 | 04/25/2003 | Preferred Rentals | $7,105.95 |
| x9064 | 04/25/2003 | Preferred Rentals | $6,850.65 |

| Credit Card Account Number in Name of Charles Geiger - Account Ending | Transaction Date | Merchant Name | Amount Charged |
|---|---|---|---|
| x9064 | 04/26/2003 | Preferred Rentals | $2,865.08 |
| x9064 | 04/26/2003 | Preferred Rentals | $5,898.69 |
| x6318 | 04/26/2003 | Preferred Rentals | $6,450.85 |
| x6318 | 04/26/2003 | Preferred Rentals | $5,269.08 |
| x6318 | 12/05/2002 | Supreme Limousinek, Inc. | $4,110.35 |
| x6318 | 12/08/2002 | Supreme Limousinek, Inc. | $3,780.50 |
| x6318 | 12/21/2002 | Supreme Limousinek, Inc. | $4,308.50 |
| x9064 | 12/21/2002 | Supreme Limousinek, Inc. | $4,862.50 |
| x6318 | 01/11/2003 | Supreme Limousinek, Inc. | $6,121.70 |
| x9064 | 01/11/2003 | Supreme Limousinek, Inc. | $5,835.40 |
| x6318 | 02/03/2003 | Supreme Limousinek, Inc. | $4,431.77 |
| x6318 | 03/22/2003 | Supreme Limousinek, Inc. | $3,319.65 |
| x9064 | 03/22/2003 | Supreme Limousinek, Inc. | $3,716.45 |
| x9064 | 03/25/2003 | Supreme Limousinek, Inc. | $4,113.65 |
| x6318 | 03/25/2003 | Supreme Limousinek, Inc. | $5,185.00 |

| Credit Card Account Number in Name of Charles Geiger - Account Ending | Transaction Date | Merchant Name | Amount Charged |
|---|---|---|---|
| x9064 | 03/31/2003 | Supreme Limousinek, Inc. | $2,713.35 |
| x6318 | 03/31/2003 | Supreme Limousinek, Inc. | $1,185.00 |
| x6318 | 04/03/2003 | Supreme Limousinek, Inc. | $6,717.67 |
| x9064 | 04/03/2003 | Supreme Limousinek, Inc. | $4,750.50 |
| x9064 | 04/08/2003 | Supreme Limousinek, Inc. | $3,915.05 |
| x6318 | 04/09/2003 | Supreme Limousinek, Inc. | $4,665.55 |
| x6318 | 04/19/2003 | Supreme Limousinek, Inc. | $6,132.98 |
| x9064 | 04/19/2003 | Supreme Limousinek, Inc. | $4,916.35 |
| x9064 | 04/23/2003 | Supreme Limousinek, Inc. | $5,413.35 |
| x6318 | 04/24/2003 | Supreme Limousinek, Inc. | $7,602.45 |
| x6318 | 04/29/2003 | Supreme Limousinek, Inc. | $5,800.80 |
| x9064 | 04/30/2003 | Supreme Limousinek, Inc. | $4,821.93 |
| x9064 | 05/18/2003 | Supreme Limousinek, Inc. | $600.00 |

4. The defendant agrees to pay the special assessment of $400 at or before the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the

defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

5. The defendant agrees to pay restitution to the victims as part of his sentence. The parties recognize that the amount of the restitution due to each of the victims shall not aggregate more than their actual losses as a result of the defendant's and his co-conspirators' fraudulent conduct.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a three-level reduction under USSG § 3E1.1(a) and (b) based on the defendant's conduct to date. The United States makes this recommendation because the defendant timely has notified authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the low end of the applicable sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The

defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any

////////////////

and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                COLM F. CONNOLLY
                United States Attorney

_____    By:_____
Anthony A. Figliola, Jr., Esq.         Shannon Thee Hanson
Attorney for Defendant              Assistant United States Attorney

_____
David Donaldson
Defendant

Dated:   November _____, 2005

                         ***

**AND NOW**, this _____ day of November, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                _____
                THE HONORABLE SUE L. ROBINSON
                Chief Judge
                U.S. District Court, District of Delaware