IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Respondent, : | |
| : | Criminal Action No. 05-83-SLR |
| v. : | Civil Action No. 06-759-SLR |
| : | |
| DAVID DONALDSON, : | |
| Petitioner. : | |

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The Petitioner alleges that his attorney, Anthony A. Figliola, Jr. rendered ineffective assistance by failing to present available evidence in mitigation at the defendant's February 22, 2006 sentencing. In particular, petitioner argues that defense counsel should have argued the 18 U.S.C. Section 3553(a) factors applicable to the sentence, including (a) the substantial disparity from the probationary sentence that the court imposed upon the petitioner's co-defendant; (b) the defendant's early acceptance of responsibility; and (c) the calling of character witnesses for the defendant at his sentencing. Moreover, petitioner contends that his attorney should have objected to the court's failure to comply with the requisite sentencing methodology as set forth in *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2005). As a result, the petitioner requests the Court grant his Section 2255 motion and then resentence him with all Section 3553(a) factors appropriately considered.

Generally, in order to establish a claim of ineffective assistance of counsel, a Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984).

The petitioner includes with his request the affidavits of two individuals, Melissa Heck and Robert Fontanez, who claim to have been present at petitioner's sentencing hearing but who were not asked to testify on his behalf. The record is devoid, however, of facts regarding whether there was any contemporaneous discussion between defense counsel and the petitioner about their potential testimony at the sentencing hearing. Moreover, the record is devoid of any information regarding actions of or discussions between defense counsel and the petitioner about presenting information at the sentencing hearing concerning the Section 3553(a) factors mentioned in petitioner's motion. Government counsel has ordered and reviewed the sentencing transcript in this matter, which record does not address most, if not all, of the defendant's claims.

The Government believes it is quite possible that both the testimony and/or the files of Mr. Figliola will provide enlightenment on these issues. However, Mr. Figliola cannot release his case files without a court-ordered waiver of the attorney-client privilege. Therefore, the Government respectfully requests the Court to direct Mr. Figliola to turn

over any relevant documents to the United States Attorney's Office and to provide an affidavit on the subject.

Once the Court is in receipt of Mr. Figliola's affidavit and other documentation, it will be able to determine whether an evidentiary hearing is necessary.

## CONCLUSION

For the above stated reasons, the United States respectfully requests that this Court (1) order Mr. Figliola to turn over any relevant documentation to the United States Attorney's Office; and (2) allow the Government three weeks from the date it receives the documentation to file the affidavit of Mr. Figliola (with supporting documentation) in response to the petitioner's motion.

Respectfully submitted,

Colm F. Connolly
United States Attorney

BY: _____
Shannon Thee Hanson
Assistant U.S. Attorney

Dated: March 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Motion Pursuant to U.S.S.G. Sec. 5K1.1 to Permit Departure from the Advisory Guideline Sentencing Range and the Government's Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 has been served via facsimile today and by first class mail on March 13, 2007 upon:

Burton A. Rose
1731 Spring Garden Street
Philadelphia, PA 19130-3893

AND

Anthony A. Figliola, Jr.
Figliola & Facciolo
1813 Marsh Road, Suite A
Wilmington, DE 19810

Shannon Thee Hanson

DATED: March 12, 2007