## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DONALDSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. No. 05-83-SLR |
| | ) | Civ. No. 06-759 -SLR |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

Burton A. Rose, Esq.  Counsel for movant.

Shannon Thee Hanson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Counsel for respondent.

January *16* , 2009
Wilmington, Delaware

**ROBINSON, Judge**

## I.   INTRODUCTION

David Donaldson ("movant") is a federal inmate currently on home confinement.
*See* (D.I. 41)   Movant timely filed a motion to vacate, set aside, or correct sentence
pursuant to 28 U.S.C. § 2255.  (D.I. 31;  D.I. 32)   Respondent filed an answer in
opposition.  (D.I. 38)   Thereafter, movant filed a letter asking to withdraw his § 2255
motion.  (D.I. 40)  For the reasons discussed, the court will deny movant's § 2255
motion without holding an evidentiary hearing.

## II.   BACKGROUND

On November 22, 2005, movant pled guilty to a four count indictment charging
him with access device fraud and conspiracy to commit access device fraud.  On
February 22, 2006, the court sentenced movant on each count to thirty months
imprisonment, three years of supervised release, and restitution, with all counts to be
served concurrently.

Movant filed a notice of appeal with the Third Circuit on May 12, 2006.
Respondent filed a letter response indicating that movant's appeal was untimely.
Movant then moved for a voluntary dismissal of his appeal pursuant to Rule 42(b) of the
Rules of Appellate Procedure.  The Third Circuit granted the motion, and movant's
appeal was dismissed on November 7, 2006.

Thereafter, on December 6, 2006, and represented by counsel, movant filed a
motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255
motion"), asserting two claims that defense counsel provided ineffective assistance
during movant's sentencing hearing.  (D.I. 31;  D.I. 32)  Respondent filed a response

requesting the court to direct movant's prior counsel to turn over any relevant

documents to the United States Attorney's Office and an affidavit on the subject. (D.I.

36) The court ordered movant's prior counsel to turn over any relevant documentation

as well as an affidavit responding to movant's assertions. (D.I. 37.) Thereafter,

respondent filed a supplemental response asserting that the court should deny

movant's § 2255 motion as meritless. (D.I. 38) Movant's post-conviction counsel then

filed a one-page letter asking to withdraw the § 2255 motion on behalf of movant. (D.I.

40)

## III.   MOTION TO WITHDRAW § 2255 MOTION

Rule 41(a) (1) of the Federal Rules of Civil Procedure provides that a plaintiff

may dismiss a court action without a court order by filing "a notice of dismissal before

the opposing party serves either an answer or a motion for summary judgment" or all

parties who have appeared have signed a stipulation of dismissal and, "[u]nless the

notice or stipulation states otherwise, the dismissal is without prejudice." However,

when the plaintiff files a request for dismissal after the filing of an answer, Rule 41(a)(2)

provides that the action can only be dismissed by court order and on terms that the

court considers proper. If the request for dismissal under Rule 41(a)(2) fails to specify

whether the dismissal should be with or without prejudice, the matter is left to the

discretion of the court. *Spring City Corp. v. Am. Bldg. Co.*, 1999 WL 1212201, at *2

(E.D.Pa. Dec. 17, 1999).

In this case, movant's post-conviction counsel filed a letter asking to withdraw

the pending § 2255 motion after the government filed its supplemental response

asserting that movant's ineffective assistance of counsel claims should be dismissed as

2

meritless.  According to the letter motion, movant decided to withdraw his § 2255

motion after reviewing the government's supplemental response with his family and

counsel.  (D.I. 40)  The letter does not indicate whether movant fully understands the

consequences of a voluntary withdrawal or whether the request for voluntary withdrawal

was filed pursuant to Federal Rule of Civil Procedure 41.  Given the ambiguity

surrounding the request and the stage of this proceeding, the court is not inclined to

exercise its discretion and summarily dismiss the § 2255 motion.  Accordingly, the court

will deny the motion for withdrawal and proceed with its review of movant's § 2255

motion.

## IV.    DISCUSSION

Movant asserts two claims challenging counsel's performance: (1) counsel failed

to argue, or present evidence that was available to support such an argument, that

consideration of the factors set forth in 18 U.S.C. § 3553(a) warranted a lesser

sentence; and (2) counsel should have objected to the court's failure to comply with the

requisite sentencing methodology as set forth in *United States v. Booker*, 543 U.S. 220

(2005) and *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2005), abrogation on other

grounds recognized by *United States v. Wells*, 279 Fed. Appx. 100 (3d Cir. May 21,

2008).

A federal prisoner's claim for ineffective assistance of counsel is properly raised

for the first time in federal district court as a § 2255 motion rather than on direct appeal.

*See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999);  *United States v.*

*Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996).  The clearly established Supreme Court

3

precedent governing ineffective assistance of counsel claims in the sentencing context is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, movant must demonstrate a reasonable probability that, but for counsel's error, the result of the sentencing hearing would have been different. *Id.* at 694. In order to sustain an ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. The court will address movant's two ineffective assistance of counsel claims in seriatim.

## A. Claim one: counsel's failure to present mitigating evidence

According to movant, counsel provided ineffective assistance by failing to present the following arguments for sentence mitigation under 18 U.S.C. § 3553(a): (1) there was substantial disparity between movant's sentence and the probationary sentence imposed upon co-defendant Gary Arters; (2) movant accepted responsibility early in his proceeding; and (3) counsel failed to call character witnesses who were available to testify on movant's behalf during his sentencing hearing.

4

### 1. Disparity between movant's sentence and co-defendant's sentence

Co-defendant Arters pled guilty to a one count information charging him with fraud in connection with access devices, in violation of 18 US.C. § 1029(a)(5).  Arters was sentenced to three years probation and restitution of approximately $45,000.  (D.I. 38, at p.6)  In contrast, movant pled guilty to a four count indictment and was sentenced to thirty months of imprisonment, followed by three years of supervised release.  Movant  contends that defense counsel was ineffective for failing to object to his sentence on the grounds that there was substantial disparity between his thirty month sentence and Arters' probationary sentence.

Pursuant to 18 U.S.C. 3553(a)(6), one of the factors to be considered in imposing a sentence is the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  The court, however, concludes that counsel did not provide constitutionally ineffective assistance by failing to raise the issue of the disparate sentences during movant's sentencing hearing.  First, it is well-settled that a criminal defendant does not have a constitutional right to a sentence equal to that of his co-defendant.  *United States v. Parker*, 462 F.3d 273, 276 (3d Cir. 2006).  Second, the Third Circuit has "concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case."  *Parker*, 462 F.3d at 277.  And finally, even if a court can reasonably consider sentencing disparities between co-defendants, consideration of the sentencing

5

disparities between Arters and movant was not appropriate in this case because they were not "similarly situated."  As explained by defense counsel, Arters' criminal record was minimal when compared to movant's criminal record, Arters was only charged in one of the two conspiracies movant was charged with, Arters' personal benefit from the crime was less than movant's benefit, Arters' paid more pre and post-charge restitution to the vicitms than did movant, and there were factors in Arters' background that were not present in movant's background.  Counsel reviewed these differences prior to movant's sentencing, and concluded that raising the issue of Arters' disparate sentence during movant's February 22, 2006 sentencing hearing would not benefit movant. Viewed in context, the court finds that counsel exercised reasonable judgment in reaching this decision.

In turn, given the inapplicability of § 3553(a)(6) to his case, movant cannot demonstrate that he was prejudiced by counsel's failure to raise this meritless objection during his sentencing hearing.  *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)(no ineffective assistance where counsel fails to raise a meritless argument). Accordingly, the court will deny this portion of claim one for failing to satisfy the standard articulated in *Strickland*.

### 2. Movant's early acceptance of responsibility

Movant contends that counsel should have argued that movant's early acceptance of responsibility, "such as his [February 2004] statement to the authorities admitting his involvement [in the charged crime]", merited a variance in the otherwise

6

applicable United States sentencing guideline range.  For the following reasons, the

court concludes that this argument lacks merit.

>   Paragraph six of movant's memorandum of plea agreement asserts:

>   Provided that the United States does not subsequently learn of conduct by the
>   defendant inconsistent with acceptance of responsibility, the United States
>   agrees to a three-level reduction under U.S.S.G. § 3E1.1(a) and (b) based on the
>   defendant's conduct to date.  The United States makes this recommendation
>   because the defendant timely notified authorities of his intention to enter a plea
>   of guilty, thereby permitting the Government to avoid preparing for trial and
>   permitting the Court to allocate its resources efficiently.

(D.I. 13)  The court granted the entire three-level reduction for acceptance of

responsibility under § 3E1.1 during movant's sentencing hearing.[1]  Although Third

Circuit precedent permits an additional variance beyond the three-levels allowed by §

3E1.1 in rare situations when a defendant's circumstances demonstrate "a degree of

acceptance of responsibility that is substantially in excess of that ordinarily present,"[2]

the circumstances of this case failed to warrant an additional variance because movant

lied to the Secret Service when he said that he used Gary Arters' and another

individual's ("RB") merchant credit card accounts a total of six or seven times.  In

actuality, movant used Arters' account for nineteen fraudulent transactions and he used

RB's account for twenty-two fraudulent transactions.  (D.I. 39 at ¶ 11)  Because

movant's untruthfulness to the Secret Service does not constitute an acceptance of

---

[1] Pursuant to § 3E1.1(a), a defendant's offense level will be decreased by two
levels if he clearly demonstrates acceptance of responsibility for his offense.  Pursuant
to § 3E1.1(b), a defendant's offense level may decrease by one additional level if he
timely notified the authorities of his intention to enter a guilty plea.

[2] *United States v. Lieberman*, 971 F.2d 989, 996 (3d Cir. 1992);  *see also United
States v. Severino*, 454 F.3d 206, 211 (3d Cir. 2006)(concluding that district courts still
have the authority to consider extraordinary acceptance of responsibility post-*Booker*)

7

responsibility more substantial than ordinary, movant cannot demonstrate a reasonable probability that he would have been granted a variance beyond the three-point reduction he was granted under § 3E1.1 even if counsel had mentioned the 2004 statement to the Secret Service.  Accordingly, the court will deny as meritless this portion of claim one.

### 3.  Variance based on testimony of uncalled character witnesses

Movant asserts that counsel provided ineffective assistance during his sentencing by failing to call two character witnesses who were present at the sentencing hearing and willing to testify on his behalf:  his former fiancee, Melissa Heck ("Heck"), and Robert Fontanez ("Fontanez").  Heck was prepared to testify that movant was an "excellent father" to his children whose "absence from his family situation would cause a devastating negative effect upon [herself] and all three of her children."  (D.I. 32, Heck Aff. at ¶ 2)  Fontanez would have informed the court about movant's excellent character and about his positive, father-like relationship with movant. (D.I. 32, Fontanez Aff. at ¶¶1,2)

In response, defense counsel contends that movant did not inform him prior to the sentencing hearing that he wanted anyone to testify on his behalf.  Defense counsel only met Fontanez for the first time at movant's sentencing and, even then, movant never asked if Fontanez could testify in his behalf.  Id. at ¶ 10.  In addition, although counsel spoke to Heck several times prior to sentencing and knew about Heck's relationship with movant and that they had young children at home, counsel also knew about Heck's role in an allegedly fraudulent account-opening incident that occurred at WSFS on January 24, 2006.  Counsel was not satisfied with Heck's explanation about

8

the attempted fraud. Therefore, he opted against calling Heck as a witness because he feared that the "potential cross-examination by [the Government] about this attempted fraud [would] have [had] a detrimental effect on [movant's] sentencing." (D.I. 38, Exh. 1, at ¶ 8)

Based on this record, the court concludes that counsel's performance was objectively reasonable because his decision not to call Heck and Fontanez as character witnesses during sentencing was strategic and based on rational considerations. Further, movant has failed to demonstrate a reasonable probability that, but for counsel's failure to call these witnesses, the result of his sentencing hearing would have been different, or that the failure to include their testimony rendered the sentencing hearing "fundamentally unfair or unreliable." *Lockhart v, Fretwell*, 506 U.S. 364, 369-70 (1993). Accordingly, the court will deny this portion of claim one as meritless.

## B. Claim two: counsel's failure to object to court's sentencing methodology

The PSR in movant's case recommended that movant be incarcerated for a period of twenty-four to thirty months, followed by two to three years of supervised release. During the sentencing hearing, neither defense counsel, movant, nor the government objected to the sentencing guidelines recommendation asserted in the PSR. As agreed upon in the memorandum of plea agreement, the government recommended that movant be sentenced to the low end of the guidelines range. Defense counsel asked the court to impose nothing greater than the minimum guideline sentence of twenty-four months. The court gave movant an opportunity to speak, but he declined. The court then sentenced movant on each of the four counts to thirty

9

months of imprisonment, to be served concurrently. The court asked the government if

there was anything else to be addressed, and the following colloquy ensued:

> Court: Is there anything else that I need to address from you [government]?

> Government: Yes, ma'am. In light of the Third Circuit's ruling in, I believe it was
> U.S. versus Cooper last week, with respect to your Honor's sentence, your
> Honor is required to – there are no magic words to what the Third Circuit said,
> but you're required to indicate that you have considered all of the factors
> pursuant to § 3553(a) and that the sentence imposed complies with and is no
> greater than is necessary under those factors. It is unclear from the opinion
> whether your Honor needs to go through every factor individually. However,
> having read the opinion in light of a brief I had to write last week, I think at least
> briefly addressing each of the factors is suggested, if you will, your Honor, by the
> opinion.

> Court: I decline to do that today. I have given my reasons. I believe they are
> consistent with the factors I have to consider under § 3553(a). I believe the
> sentence given is consistent with the interests of justice under § 3553(a), is not
> greater than necessary, and those are my reasons at this point.

(D.I. 38, Ex. 2, at 10) Now, in claim two, movant contends that defense counsel

performed ineffectively by failing to object to the court's failure to consider all of the §

3553(a) factors. More specifically, movant asserts that the court's sentencing

methodology violated *United States v. Booker*, 543 U.S. 220 (2005) and *United States*

*v. Cooper*, 437 F.3d 324 (3d Cir. 2005).

In *Booker*, the United States Supreme Court held that the Sentencing Guidelines

are advisory, not mandatory. In *Cooper*, the Third Circuit set forth a three-step

sentencing process to be used in the post-*Booker* world. According to *Cooper* and its

progeny, and recently reiterated by the United States Supreme Court in *Gall v. United*

*States*, - U.S. -, 128 S.Ct. 586, 597 (2007), a sentencing court must: (1) calculate a

defendant's Guidelines range as it would have done prior to *Booker*, (2) rule on the

motions of both parties and state whether it is granting a departure and how that

departure affects the guidelines calculation; and (3) consider the relevant § 3553(a)

factors in setting the sentence.[3]  *Cooper*, 437 F.3d at 329-32;  *see also United States v.*

*Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Movant was sentenced in February 2006, approximately one year after the

Supreme Court issued its decision in *Booker*, and eight days after the Third Circuit

issued its decision in *Cooper*.  In his affidavit, counsel admits that he was not aware of

the *Cooper* decision at the time of movant's sentencing hearing.  However, counsel also

states that,

> having now reviewed *Cooper*, I cannot say that I would have acted differently in
> the sentencing than I did had I been familiar with *Cooper* prior to [movant's]
> sentencing.  The prosecutor brought the *Cooper* decision to the Court's
> attention.  [Movant] was facing pending charges in Delaware plus allegations in
> the WSFS matter, his actions were not indicative of one who was working toward
> rehabilitation.  I was satisfied with the government's recommendation, consistent
> with the Memorandum of Plea Agreement, that [movant] be sentenced at the low
> end of the guidelines.

(D.I. 38, Exh. 1, at ¶12)

Despite counsel's unfamiliarity with the *Cooper* decision at the time of movant's

sentencing, the court concludes that counsel did not provide ineffective assistance by

failing to raise an objection under *Booker* and/or *Cooper;* the court did, in fact, follow

---

[3]The § 3553(a) factors a sentencing court must consider during the third step include the "nature and circumstances of the offense and the history and characteristics of the defendant," as well as the "need for the sentence to reflect the seriousness of the offense, ... afford adequate deterrence to criminal conduct, ... [and]  protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  In addition, a sentencing court must consider the "kinds of sentences available," and the "kinds of sentence and sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.*

11

the "methodolgy" articulated in *Cooper* and its progeny in determining movant's sentence. For instance, the court satisfied step one by determining the applicable sentencing guidelines range at the beginning of the sentencing hearing. There were no motions for the court to rule on and, therefore, there were no departures from the guidelines. Consequently, step two of the *Cooper* procedure was satisfied.

As for the third step in the sentencing process, *Cooper* and *Booker* do not require a sentencing court to "discuss every argument made by a litigant if an argument is clearly without merit," nor do they require a sentencing court to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the sentencing factors into account in sentencing." *Cooper*, 437 F.3d at 329 (internal quotations omitted). In this case, although the court did not specifically "discuss and make findings as to each of the § 3553(a) factors" prior to imposing the sentence, the record clearly reveals that the court considered the § 3553(a) factors in reaching its sentencing decision. During its review of the charges and the maximum penalties, the court noted that movant has "an extensive" criminal history, even though the offenses themselves were not major. The court discussed the maximum penalties available for each of movant's convictions. Prior to imposing the sentence, the court stated that the PSR was somewhat different than most because

> [movant], you actually had a supportive family. You actually had an opportunity to educate yourself. You managed to squander those opportunities. You seem to have little respect for authority or an appreciation for an honest lifestyle. Your financial troubles are of your own doing. You have not hurt anyone but your family and your friends. So there is little to commend you today, I have to say.

(D.I. 26, at p.7) These statements reflect the court's consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant," the

12

"need for the sentence to reflect the seriousness of the offense," the need to "afford adequate deterrence to criminal conduct," the need to "protect the public from further crimes of the defendant," and the kinds of sentences available. 18 U.S.C. § 3553(a). In short, the court complied with the sentencing "methodology" established in *Cooper* and, therefore, counsel did not provide ineffective assistance by failing to raise a meritless objection. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

Moreover, even if the court's colloquy somehow "failed to comply" with *Cooper*, counsel's failure to raise this objection did not prejudice movant because the government raised the issue of the *Cooper* case to the court at the close of the sentencing hearing. The court rejected the government's concern after explaining that its reasons for imposing movant's sentence sufficiently demonstrated its consideration of the § 3553(a) factors. Thus, movant cannot demonstrate a "reasonable probability" that the result of his sentencing hearing would have been different if counsel, rather than the government, had raised an objection under *Cooper*. Accordingly, the court will deny claim two.

## V. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his arguments

13

are without merit.  Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## VI.    CONCLUSION

For the reasons stated, the court  will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing.  Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable.  *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right.");  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2.  The court shall issue an appropriate order.

14